**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jessica M. Brown, | Case No. 2:24-cv-00474-RFB-MDC |
| Plaintiff(s), | **Report And Recommendation For Dismissal With Prejudice And to Deny Plaintiff's *Application To Proceed In Forma Pauperis* As Moot (ECF Nos. 1 and 1-1)** |
| vs. | |
| Las Vegas Metropolitan Police Department, | **And** |
| Defendant(s). | **Order Cautioning Plaintiff That Her Filings In This Court Are Bordering On Vexatious** |

Pro se plaintiff Jessica M. Brown filed an *Application To Proceed In Forma Pauperis* ("IFP") (ECF No. 1) along with a proposed *Complaint* (ECF No. 1-1). However, because it is apparent from the face of plaintiff's proposed Complaint that the claims are futile, this Court recommends that the action be dismissed and plaintiff's IFP Application be denied as moot.

## I.    BACKGROUND

Plaintiff filed this action against Judge Ballow, the sole defendant in this case. ECF No. 1-1. While plaintiff's handwriting is difficult to read, she appears to state that Judge Ballow (1) violated plaintiff's rights when she sentenced plaintiff; (2) was biased against plaintiff; and (3) that Judge Ballow was disrespectful to plaintiff in the Courtroom. *Id.* at 2 and 3.  The Court notes that plaintiff is a frequent filer in this Court, as she has filed dozens of cases in this Court, most of which have been dismissed.

## II.    ANALYSIS

### a.  Legal Standard

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a Complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a Complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). See e.g. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

A Complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the Complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### b.  Plaintiff's Complaint

Judges are entitled to absolute judicial immunity for acts performed in their official capacity. See *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" *Id.* (citations omitted) "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, ... or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *Id.* (citations omitted).

Judicial immunity means that judges cannot be sued for actions taken in the courtroom. Plaintiff's claims against Judge Ballow should be dismissed with prejudice because plaintiff's allegations concern actions undertaken in the judicial process. For example, plaintiff alleges that Judge Ballow was disrespectful to plaintiff in the courtroom while plaintiff was appearing before Judge Ballow for sentencing.   Plaintiff cannot cure this immunity deficiency by amendment.  Therefore, the Court recommends that the plaintiff's case against Judge Ballow be dismissed with prejudice.

### c.  Plaintiff's Filings In This Court

The court cautions plaintiff that her activity in this district is bordering on vexatious. "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). "No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989). The court will not enter a vexatious litigant order at this time but warns plaintiff that is a real possibility if she continues filing cases where the defendants are immune from suit, she fails to state a colorable claim, or includes claims that are frivolous. To this point, plaintiff has a history of filing these lawsuits that she knows are likely to be dismissed, and her conduct has posed an unnecessary burden on the court.

**It is so recommended and ordered:**

1. The Court RECOMMENDS that this action be DISMISSED WITH PREJUDICE and Judgment entered.

2. It is further RECOMMENDED that plaintiff Jessica M. Brown's *IFP Application* (ECF No. 1) be DISMISSED AS MOOT.

3. The Court further ORDERS and CAUTIONS plaintiff that if she persists in filing lawsuits that are frivolous, it may result in sanctions, including her being declared a vexatious litigant.

## <u>NOTICE</u>

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

Dated this 2nd day of April 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

4